IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JANIS O'CONNOR,<br><br>                        *Plaintiff,*<br><br>v.<br><br>SAND CANYON CORPORATION, ET AL.,<br><br>                        *Defendants.* | CASE NO. 6:14-cv-00024<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on a Motion to Dismiss, filed by American Home Mortgage Servicing, Inc., ("AHMSI"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Sand Canyon Corporation ("Sand Canyon") (collectively, "Defendants"). Also before the Court is a Motion to Remand, filed by *pro se* Plaintiff Janis O'Connor ("Plaintiff"). For the following reasons, Plaintiff's Motion to Remand is DENIED and Defendants' Motion to Dismiss is GRANTED. Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE, and Plaintiff is given leave to amend her complaint where appropriate.

### I. FACTUAL BACKGROUND

      Plaintiff entered into a loan agreement with Option One Mortgage Corporation ("Option One") in October of 2005 in the amount of $161,000 (the "loan"). To secure Plaintiff's promise to repay the loan, Plaintiff executed a promissory note in favor of Option One which was secured by a Deed of Trust (the "Deed"). The Deed names David W. Draper as trustee and Option One as beneficiary. The property subject to the Deed of Trust is located in Appomattox County, Virginia (the "Appomattox property"). Plaintiff signed the Deed and it was promptly recorded in the Office of the Clerk of Circuit Court of Appomattox County in late October of 2005.

1

At some point between 2005 and 2009, AHMSI became successor in interest to Option One and the servicer of the loan. On August 4, 2009, AHMSI executed a Notice of Assignment of Deed of Trust (the "Assignment") in favor of Deutsche Bank, which was recorded in the Office of the Clerk of Circuit Court of Appomattox County. Deutsche Bank also executed a Deed of Appointment of Substitute Trustee (the "Substitution"), appointing Equity Trustees, LLC as substitute trustee. Plaintiff alleges the documents were executed by "robo-signers," who lacked authority to authorize the Assignment and Substitution. She also alleges AHMSI and Deutsche Bank stole the promissory note secured by the Deed. Plaintiff claims Defendants engaged in these actions in order to foreclose on and steal her Appomattox property.

On July 28, 2009, AHMSI placed Plaintiff's property in foreclosure, "which action was subsequently withdrawn after [P]laintiff paid a very substantial sum . . . to satisfy demands by AHMSI, primarily for extortionate fees." She does not explain the nature of these fees, nor why she paid the fees despite their extortionate nature. On July 28, 2010, Plaintiff paid another "demand" to AHMSI, and sometime thereafter, AHMSI made a third "demand" which Plaintiff refused to pay, "as it was clear to [P]laintiff that the extortion would never cease." On March 31, 2011, Defendants foreclosed on Plaintiff's Appomattox property.

## II. PROCEDURAL BACKGROUND

Plaintiff filed her complaint in Appomattox County Circuit Court on March 29, 2013, seeking to have the relevant foreclosure sale set aside or declared void. Plaintiff seeks this remedy on the grounds that: (1) Defendants failed to comply with certain notice requirements governing the foreclosure sale, and (2) Deutsche Bank's authority to conduct the sale was obtained through theft and forgery. On July 7, 2014, AHMSI and Deutsche Bank timely removed the case to this Court on the basis of diversity and federal question jurisdiction. On

July 14, 2014, Defendants collectively moved to dismiss Plaintiff's complaint for failure to state a claim and insufficiency of service of process. On August 5, 2014, Plaintiff moved to remand the case back to state court.

### III. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.* Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Moreover, in order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. PLAINTIFF'S MOTION TO REMAND

Plaintiff seeks to have this case remanded to state court on the grounds that Defendants have either waived their right to removal by defending in state court or "failed to satisfy the grounds for removal based on [d]iversity and [f]ederal [q]uestion jurisdiction." Because Plaintiff's motion raises a question as to whether the requirements of subject matter jurisdiction have been met, I will first evaluate whether Plaintiff's motion should be granted.

### A. Waiver

Plaintiff argues that Defendants waived their right to remove by filing a motion to dismiss in state court. She cites to *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991) to bolster her position, arguing that *Grubb* stands for the proposition that remand should occur whenever it is justified by "the values of judicial economy, fairness, convenience and comity." The actual holding of the case, however, is much more limited. In *Grubb*, the United States Court of Appeals for the Fourth Circuit held that "although a defendant may yet waive its 30-day right to removal by demonstrating a 'clear and unequivocal' intent to remain in state court, such a waiver should only be found in 'extreme situations.'" *Grubb*, 935 F.2d at 59 (citing *Rothner v. City of Chicago*, 879 F.2d 1402, 1415 (7th Cir. 1989)).

In order for one's intent to be "clear and unequivocal," a defendant must take "substantial defensive action" before filing a notice of removal. *Sayre Enterprises, Inc. v. Allstate Ins. Co.*, 448 F.Supp.2d 733, 735 (W.D. Va. 2006) (citing *Aqualon Co. v. MAC Equip. Inc.*, 149 F.3d 262, 264 (4th Cir. 1998)). Notably, the mere act of answering a complaint before removal does not constitute substantial defensive action. *See Haak Motors LLC v. Arangio*, 670 F.Supp.2d 430, 433 (D. Md. 2009). This is true even if the answer contains an affirmative defense. *Sayre Enters., Inc.*, 448 F.Supp.2d at 736. What is most important is whether the defendant has

4

engaged in some action in state court that has led to a decision on the merits of the case. *Id.* (citing *Krasnow v. Texaco, Inc.*, 773 F.Supp. 806, 808-09 (E.D. Va. 1991)).

On June 25, 2014, Defendants made a special appearance in state court and filed a motion to dismiss pursuant to Va. Code § 8.01-277(B) for insufficient service of process. The state court made no ruling with respect to this motion, and as the state court did not make a ruling on the merits of Defendants' motion, Defendants have not taken any "substantial defensive action" necessary to show a clear and unequivocal intent to remain in state court. *Grubb*, 935 F.2d at 59. Accordingly, Defendants have not waived their right to removal.

### B. Subject Matter Jurisdiction

Plaintiff's next argument is that Defendants have failed to show that the requirements of subject matter jurisdiction have been met in their removal petition. The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides in relevant part:

> (a) . . . any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Defendants bear the burden of demonstrating the propriety of removal, and to do so, the Defendants' removal petition must adequately allege the grounds for subject matter jurisdiction. *Mulcahey*, 29 F.3d at 151. Defendants' removal petition states that this Court has subject matter jurisdiction because Plaintiff's complaint meets the requirements of federal question jurisdiction.

In evaluating whether the requirements of federal question jurisdiction have been met, this Court is mindful of the need to examine the substance of Plaintiff's allegation rather than the formal labels attached to each cause of action. *See Kidd v. TA Operating, LLC*, No. 3:10-cv-69, 2010 WL 1039825, at *2 (E.D. Va. Mar. 18, 2010) ("Although Plaintiff argues that he brings only state-law claims, the Court must independently analyze the jurisdictional underpinnings by

5

Case 6:14-cv-00024-NKM   Document 26   Filed 10/06/14   Page 5 of 14   Pageid#: 315

reviewing the allegations in the complaint."). In Plaintiff's complaint, she alleges AHMSI "was doing business as a debt collector" and was therefore "subject to the provisions of the . . . Fair Debt and Collection Practices Act 15 U.S.C. §1692." She also alleges "illegal consumer collection" under Count Eleven of her complaint, arguing "Defendants' collection activities . . . violated Federal and State Laws . . . by prosecuting a ruinous fraudulent foreclosure of Plaintiff's property." Liberally construed, I find Plaintiff's claim alleges a cause of action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. *See Armstrong v. Rolm A. Siemans Co.*, No. 97-1222, 129 F.3d 1258, at *1 (4th Cir. Nov. 13, 1997) (citing *Boag v. MacDougall*, 434 U.S. 364, 365 (1982)). Because Plaintiff's complaint alleges a claim under the FDCPA, Defendants' removal petition adequately alleges that the requirements of federal question jurisdiction have been met here. *See, e.g., Lee v. Wells Fargo Home Mortg.*, No. 3:13-cv-00034, 2013 WL 5797375, at *3 (W.D. Va. Oct. 28, 2013) (noting that claims regarding violations of the FDCPA provide a "recognized grounds for removal in this Circuit"). Accordingly, this Court has subject matter jurisdiction over Plaintiff's complaint.

## V. Defendants' Motion to Dismiss

Defendants argue Plaintiff's complaint should be dismissed for two separate reasons. First, they argue it should be dismissed for failure to provide proper service pursuant to Va. Code § 8.01-277(B). Defendants also argue that Plaintiff's pleadings amount to nothing more than a "show me the note" argument that fails as a matter of law in this Court.

### A. Insufficient Service of Process

Plaintiff filed her complaint on March 29, 2013, and she served Defendants fourteen months after filing suit. Defendants argue that Plaintiff's failure to effect service of process within one year of filing her complaint is grounds for dismissal. It is true that Virginia courts

6

allow for dismissal with prejudice where service of process is not completed within one year of the filing of a complaint. *See Bowman v. Concepcion*, 283 Va. 552, 564 (Va. 2012). Nonetheless, case law in the Fourth Circuit makes dismissal with prejudice inappropriate. *See Rice v. Alpha Sec., Inc.*, 556 Fed.Appx. 257 (4th Cir. Feb. 25, 2014).

### B. Failure to State a Claim

i. Counts One through Four: Fraud

In Counts One through Four of her complaint, Plaintiff alleges "wrongful/void" foreclosure. In support of her claim, Plaintiff alleges Defendants employed various individuals to execute the Assignment and Substitution without the authority to do so. Defendants then used these documents to give themselves the appearance of legitimacy in foreclosing on Plaintiff's Appomattox property. Plaintiff alleges that the individuals that prepared the documents are known "[r]obosigners . . . [that is,] persons who sign thousands of various foreclosure documents, falsely representing that they are authorized signatories . . . of the so-called lenders/servicers." She believes "robosigning" occurred here because the individuals that executed the Assignment and Substitution have been exposed as "robosigners" on "60 Minutes."

At the outset, I note that Virginia does not recognize a cause of action for "wrongful foreclosure." *See Sheppard v. BAC Home Loans Servicing, LP*, No. 3:11-cv-62, 2012 WL 204288, at *7 (W.D. Va. Jan. 24, 2012). Nevertheless, I must liberally construe Plaintiff's complaint, *see Boag*, 454 U.S. at 365, and the facts forming the basis of counts one through four will be construed to allege fraud. Under Virginia law, a claim of fraud consists of: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. *State Farm Mut. Auto Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005). In federal courts, fraud

claims are subject to a heightened pleading standard, which requires Plaintiff to "state *with particularity* the circumstances constituting fraud." Fed. R. Civ. P. 9(b) (emphasis added).

The heart of Plaintiff's claim is that Defendants falsely represented their authority to conduct the foreclosure by relying on forged documents executed by known "robosigners." Even assuming this is sufficient to show that Defendants knowingly misrepresented a material fact, Plaintiff's claim still fails because she has failed to sufficiently plead the manner in which she has been damaged by Defendants' conduct. Plaintiff states that "she has been severely damaged" by Defendants' fraudulent conduct. Such an allegation is precisely the kind of conclusion that is insufficient to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Thompson v. Countrywide Home Loans Servicing, L.P.*, No. L-09-2549, 2010 WL 1741398, at *4 (D. Md. Apr. 27, 2010) ("Thompson's conclusory allegation that '[a]s a result of Defendant's fraud, Plaintiff suffered damages' is factually and legally insufficient."). Moreover, even after liberally construing Plaintiff's complaint, I cannot identify a causal connection between Defendants' allegedly fraudulent conduct and the loss of her property. Accordingly, I will dismiss Counts One through Four without prejudice, and I will grant Plaintiff leave to amend her complaint in order to more fully explain the connection between Defendants' allegedly fraudulent conduct and the loss of her property.

ii. Count Five: Breach of Contract

In Count Five of her complaint, Plaintiff alleges Defendants breached their contract with Plaintiff because they failed to provide pre-acceleration notice, proper notice of acceleration prior to foreclosing on her property, and proper notice of the sale. In Virginia, the elements of a cause of action for breach of contract are: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) defendant's breach or violation of that obligation; and (3) injury or damage to the

8

plaintiff caused by the breach of obligation. *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009). Accepting the facts as alleged in Plaintiff's complaint as true, Defendants had a legally enforceable obligation to provide Plaintiff with notice and they failed to do so. Nonetheless, I cannot let Plaintiff proceed with her claim because, again, she has failed to adequately allege how she has been damaged by virtue of Defendants' breach.

Plaintiff claims that she "has been severely damaged by the actions of [Defendants,] and such damages include, but are not limited to, the loss of Plaintiff's property due to this fraud." As I have previously explained, this allegation is legally insufficient. *Twombly*, 550 U.S. at 570. Because there are no facts indicating a causal connection between Defendants' breach and the loss of Plaintiff's property, I will dismiss Count Five of Plaintiff's complaint without prejudice, and I will grant Plaintiff leave to amend to develop the damages element of her claim.

iii. Count Six: Civil Conspiracy

Count Six of Plaintiff's complaint alleges Defendants engaged in common law civil conspiracy. "A civil conspiracy is a combination of two or more person to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, resulting in damage to the plaintiff." *Glass v. Glass*, 321 S.E.2d 69, 74 (Va. 1984). In support of her claim, Plaintiff alleges "the unlawful, 'faked,' foreclosure at issue resulted from the acts of the Defendants as part of a longstanding ongoing scheme involving various agreements and actions among the [D]efendants to use Plaintiff's signature to churn various documents for profit and dispossess Plaintiff from her rights and title to the property at issue."

Even assuming Defendants engaged in unlawful behavior, Plaintiff's complaint contains only conclusory allegations as to Defendants' agreement to engage in such conduct. "Where, as here, there are only vague, conclusory allegations of conspiracy, the claim fails at the threshold."

9

*Firestone v. Wiley*, 485 F.Supp.2d 694, 704 (E.D. Va. 2007) (citing *Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947)); *see also Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F.Supp.2d 483, 499-500 (E.D. Va. 2003) (stating that to survive a motion to dismiss on common law civil conspiracy, plaintiff must plead agreement in more than mere conclusory language). Count Six is therefore dismissed with prejudice.

  iv.  Counts Seven and Eight: Breach of Fiduciary Duty and Negligent Supervision

Plaintiff alleges Equity Trustees breached its fiduciary duty towards Plaintiff in overseeing the foreclosure of her Appomattox property. In support of her claim, Plaintiff contends Equity Trustees had a financial interest in the foreclosure sale, "which render[ed] the Trustee incapable of being impartial and fair in the foreclosure process." Plaintiff also argues Equity Trustees engaged in negligent supervision because it breached its "duty to appropriately supervise [its] agents." Plaintiff did not name Equity Trustees as a Defendant in her complaint. Allowing leave to amend to name Equity Trustees as a Defendant would be futile, however, as Plaintiff has not stated a claim against Equity Trustees upon which relief can be granted.

Plaintiff's claim for breach of fiduciary duty fails because Equity Trustees only owes Plaintiff those duties that are enumerated in the Deed, *see Fleet Fin v. Burke & Herbert Bank and Trust*, No. 122305, 1992 WL 884461, at *3 (Va. Cir. Ct. Jan. 28, 1992), and she has not identified any duty in the Deed that Equity Trustees breached. Plaintiff's claim for negligent supervision similarly fails because Virginia does not recognize such a claim. *See Chesapeake Potomac Tel. Co. v. Dowdy*, 365 S.E.2d 751, 754 (Va. 1988) ("In Virginia, there is no duty of reasonable care imposed upon an employer in the supervision of its employees . . . and we will not create one here."). Counts Seven and Eight are therefore dismissed with prejudice.

v. Count Nine: Lack of Required Notice under Virginia Code § 55-59.1(B)

Plaintiff alleges Defendants failed to comply with the notice requirements enumerated in Virginia Code § 55-59.1(B), which provides:

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice. . . . If the trustee proceeds to sale, the fact that the instrument is lost or cannot be produced shall not affect the authority of the trustee to sell or the validity of the sale.

Plaintiff contends Defendants violated this provision by failing to provide her with an affidavit fourteen days prior to foreclosing on the Appomattox property. She further alleges that the "only appropriate relief [for this violation] would be voiding of the sale."

Plaintiff's claim fails for two reasons. First, § 55-59.1(B) provides that if a note is lost, a trustee may nonetheless proceed to sale if the "beneficiary submits to the *trustee* an affidavit to that effect." Va. Code § 55-59.1(B) (emphasis added). "The statute 'contains no requirement that the lost note affidavit that must be given to the trustee also be given to the Plaintiff.'" *Vazzana v. CitiMortgage, Inc.*, No. 7:12-cv-497, 2013 WL 2423092, at *4 (W.D. Va. June 4, 2013) (citing *Van v. BAC Home Loan Servicing LP*, No. 4:10-cv-73, 2010 WL 9077597, at *3 (E.D. Va. Sept. 23, 2010)). Moreover, even assuming Plaintiff had a right to receive a "lost note affidavit," Defendants failure to provide it does not entitle Plaintiff to rescission of the foreclosure sale. *See SunTrust Bank v. Wright*, No. CL03-595, 63 Va. Cir. 396, at *2 (Va. Cir. Ct. Nov. 12, 2003) ("The [Virginia] Supreme Court has made it clear that section 55-59.1 does not require notice to be perfect. Failure of notice alone will not serve to invalidate the foreclosure sale."). For the foregoing reasons, Count Nine of Plaintiff's complaint is dismissed with prejudice.

vi. Count Ten: Unjust Enrichment

In Count Ten of her complaint, Plaintiff alleges Defendants have been unjustly enriched both through impermissible fee collection and by stealing the Appomattox property. To recover under this theory, Plaintiff must prove: (1) that she conferred a benefit on the defendants; (2) that the defendants knew of the benefit and should reasonably have expected to repay her for it; and (3) that the defendants accepted or retained the benefit without paying for its value. *Schmidt v. Household Fin. Corp., II*, 661 S.E.2d 834, 838 (Va. 2008).

To the extent Plaintiff alleges that Defendants have been unjustly enriched by obtaining benefits in violation of the terms in the Deed, Plaintiff's claim for unjust enrichment fails as a matter of law. *See WRH Mortg., Inc. v. S.A.S. Assocs.*, 214 F.3d 528, 534 (4th Cir. 2000) ("Where a contract governs the relationships of the parties, the equitable remedy of restitution grounded in quasi-contract or unjust enrichment does not lie") (citing *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1988)). Plaintiff contends, however, that she is not in privity with Defendants, "as [they are] interlopers with no demonstrated interest in any note causing the subject property to be encumbered." Assuming this to be the case, Plaintiff's claim still fails, as her complaint does not contain any facts sufficient to support the elements for a claim of unjust enrichment. I will therefore dismiss Count Ten of Plaintiff's complaint with prejudice.

vii. Count Eleven: Illegal Consumer Collection

In Count Eleven of her complaint, Plaintiff alleges "illegal consumer collection," arguing "Defendants' collection activities . . . violated Federal and State Laws . . . by prosecuting a ruinous fraudulent foreclosure of Plaintiff's property." I previously indicated that I would construe this claim to allege a violation under the FDCPA. To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of

collection activity must be a "consumer," as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector," as defined in § 1692a(6); and (3) the defendants must have engaged in an act or omission in violation of the FDCPA. *Withers v. Eveland*, 988 F.Supp. 942, 945 (E.D. Va. 1997). Construing Plaintiff's complaint liberally, she appears to allege Defendants violated the FDCPA through impermissible fee collection and falsely representing their authority to foreclose on the Appomattox property.

Plaintiff's claim under the FDCPA fails because she has not pleaded facts indicating that AHMSI, Deutsche Bank, and Sand Canyon are "debt collectors" within the meaning of the statute. The FDCPA defines a "debt collector" as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). The statute exempts from the definition of "debt collector":

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement [or] concerns a debt which was not in default at the time it was obtained by such person.

15 U.S.C. § 1692a(6)(F)(i)-(iii). Based on the plain language of the statute, "multiple district courts in this Circuit have held that 'debt collectors do not include creditors, mortgagors, mortgage servicing companies, trustees exercising their fiduciary duties, or assignees of debt so long as the debt was not in default at the time it was assigned." *Patrick v. PHH Mortg. Corp.*, 937 F.Supp.2d 773, 789 (N.D. W. Va. 2013) (quoting *Velez v. Bank of N.Y. Mellon Trust Co., N.A.*, No. 1:12-cv-1008, 2012 WL 5305508, at *4 (E.D. Va. Oct. 23, 2012)). AHMSI, Deutsche Bank, and Sand Canyon Corporation are either "mortgage servicing companies" or "trustees exercising their fiduciary duties" and are therefore exempt from the definition of "debt collector"

13

unless they obtained the relevant debt after it was placed in default. Because Plaintiff's complaint contains no facts indicating as much, I will dismiss Count Eleven of Plaintiff's complaint without prejudice, allowing her leave to amend to explain why Defendants should be treated as "debt collectors" for purposes of the FDCPA.

## V. CONCLUSION

After thoroughly reviewing Plaintiff's complaint, I find that this Court has subject matter jurisdiction over Plaintiff's complaint but that Plaintiff has failed to present a claim upon which relief can be granted. Therefore, I will deny Plaintiff's Motion to Remand and grant Defendant's Motion to Dismiss. Nonetheless, because this Court has the discretion to grant a motion to dismiss with or without prejudice, *St. Clair v. Banker Steel Co.*, No. 6:06-cv-00042, 2007 WL 45785, at *3 (W.D. Va. Jan. 5, 2007), I will dismiss Plaintiff's complaint without prejudice and allow her leave to amend her complaint. An appropriate order follows.

Entered this __6th__ day of October, 2014.

                                                        NORMAN K. MOON
                                                        UNITED STATES DISTRICT JUDGE