# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| JANIS O'CONNOR, *Plaintiff,* v. SAND CANYON CORPORATION, ET AL., *Defendants.* | CASE NO. 6:14-cv-00024 <br><br> **MEMORANDUM OPINION** <br><br> JUDGE NORMAN K. MOON |

This matter is before me on a renewed motion to dismiss filed by Defendants American Home Mortgage Servicing, Inc. ("AHMSI"), Deutsche Bank National Trust Company ("Deutsche Bank"), and Sand Canyon Corporation ("Sand Canyon") (collectively, "Defendants") (docket no. 30), in which they seek dismissal of *pro se* Plaintiff Janis O'Connor's ("Plaintiff" or "O'Connor") amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I will grant Defendants' motion.

### I. BACKGROUND

**A. Statement of Alleged Facts[1]**

Plaintiff entered into a loan agreement with Option One Mortgage Corporation ("Option One") in October of 2005 in the amount of $161,000 (the "loan"). Defs.' Mem. in Supp. ("Def. Mem."), Ex. 1. at 1. To secure Plaintiff's promise to repay the loan, Plaintiff executed a promissory note in favor of Option One which was secured by a Deed of Trust. *Id.* The Deed

---

[1] Portions of the "statement of alleged facts" are drawn from Plaintiff's Deed of Trust, which is attached to Defendants' Motion to Dismiss. Defs.' Mot. to Dismiss, Ex. 1. Though this document is not included in Plaintiff's pleadings, I may nonetheless consider it here as Plaintiff relies on it throughout her complaint and neither party has disputed its authenticity. *Gasner v. County of Dinwiddie*, 162 F.R.D 280, 282 (E.D. Va. 1995) (noting district courts may consider documents "relied upon" in the complaint where the documents are of "unquestioned authenticity.").

1

names David W. Draper as trustee and Option One as beneficiary. *Id.* The property subject to the Deed of Trust is located in Appomattox County, Virginia (the "Appomattox property"). *Id.*

By signing the Deed of Trust, Plaintiff "accept[ed] and agree[d] to the terms and covenants contained in [the] Security Instrument . . . ." *Id.* at 8. Plaintiff further agreed to "promptly pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note." *Id.* at ¶ 8. The Deed also provides for the recovery of certain costs related to acceleration. Specifically, the Deed states:

> *If any installment under the Note . . .* secured hereby *is not pain when due*, or if Borrower should be in default under any provision of this Security Instrument . . . *all sums secured by this Security Instrument and accrued interest thereon shall at once become due and payable at the option of Lender without prior notice*, except as otherwise required by applicable law, and regardless of any prior forbearance. In such event, Lender, at its option, and subject to applicable may, may then or thereafter invoke the power of sale and/or any other remedies or take any other actions permitted by applicable law. Lender will collect all expenses incurred in pursuing the remedies described in this Paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

*Id.* at ¶ 21 (emphasis added). Further, in the event Plaintiff defaulted and Option One invoked its power of sale, Option One agreed to "give to [Plaintiff] . . . notice of sale in the manner prescribed by applicable law." *Id.* The Deed of Trust required no other notice to be given to Plaintiff in the event the lender invoked its power of sale. It did, however, require the "Trustee [to] give public notice of sale by advertising . . . once a week for two successive weeks in a newspaper having general circulation in the county . . . in which . . . the property is located." *Id.*

The parties to the Deed of Trust also agreed that it and the accompanying note could be sold to other parties without prior notice to Plaintiff. Specifically, the Deed of Trust provides:

> The Note or a partial interest in the Note (together with this security instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the note.

2

> If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law.

*Id.* at ¶ 19. It also allowed the "Lender, at its option . . . to . . . remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. *Id.* at ¶ 23.

Plaintiff's factual allegations are unclear as to what happened after she signed the Deed of Trust. At some point thereafter, AHMSI allegedly became successor in interest to Option One and the servicer of the loan. Pl.'s Compl. ¶ 8. Thereafter, "[o]n or about July 28-30, 2009, defendant AHMSI placed [Plaintiff's] property in 'foreclosure.' " *Id.* at ¶ 30. The foreclosure action was then "withdrawn" after Plaintiff paid "demands" by AHMSI. *Id.* One year later, an undisclosed entity made another "demand," which Plaintiff "refused to pay." *Id.*

During the time in which Plaintiff dealt with these various entities, AHMSI allegedly executed a Notice of Assignment of Deed of Trust (the "Assignment") in favor of Deutsche Bank. Pl.'s Compl. ¶ 8; Defs.' Mem., Ex. 2. Deutsche Bank also executed a Deed of Appointment of Substitute Trustee (the "Substitution"), appointing Equity Trustees, LLC as substitute trustee. Pl.'s Compl. ¶ 8; Defs.' Mem., Ex. 3. Thereafter, on March 31, 2011, Defendant Deutsche Bank foreclosed on Plaintiff's Appomattox property. Pl.'s Compl. ¶ 31.

Just days after Defendants foreclosed on Plaintiff's property, the TV show "60 Minutes" ran an exposé on fraud in the mortgage industry. Pl.'s Compl. ¶ 75. The segment detailed the manner in which lending institutions often forged the signatures of its executives in order to expedite the transfer of mortgage interests. *Id.* The episode went on to expose Linda Green, a purported executive of various lending institutions, as one of those executives whose signature was commonly forged. *Id.* Notably, Linda Green's signature appears on the Assignment, in which she signed on behalf of AHMSI in her capacity as "Vice President." *Id.* Based on this

3

Case 6:14-cv-00024-NKM   Document 37   Filed 01/16/15   Page 3 of 12   Pageid#: 446

and other events, Plaintiff alleges Defendants forged the Assignment and Substitution in order to foreclose on and "steal" Plaintiff's Appomattox property.

### B. Procedural History

Plaintiff filed her complaint in Appomattox County Circuit Court on March 29, 2013, seeking to have the relevant foreclosure sale set aside or declared void. On July 7, 2014, AHMSI and Deutsche Bank timely removed the case to this Court on the basis of diversity and federal question jurisdiction. On July 14, 2014, Defendants collectively moved to dismiss Plaintiff's complaint for failure to state a claim and insufficiency of service of process, and on August 5, 2014, Plaintiff moved to remand the case back to state court. I then held a hearing regarding both motions, in which I denied Plaintiff's motion to remand and granted Defendants' motion to dismiss. I also provided Plaintiff with leave to amend her complaint so that she could more fully develop her breach of contract and fraud claims. In her amended complaint, Plaintiff first challenges both the Assignment and Substitution on the grounds that the documents are "forged and fraudulent." Plaintiff next asserts that Defendants committed fraud when they falsely represented their authority to foreclose on her property. Plaintiff also brings a breach of contract claim in which she asserts Defendants failed to comply with various notice provisions allegedly contained in the Deed of Trust. Finally, Plaintiff alleges a single count of "illegal consumer collection," which I construe as a violation of the Fair Debt Collection Practices Act ("FDCPA").

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint . . . [I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court considering dismissal under Rule 12(b)(6) must take the facts in the light most favorable to the

4

plaintiff. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, to survive a motion to dismiss, a complaint must contain enough factual allegations to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In evaluating "plausibility," the court may not rely on mere "labels and conclusions" or a plaintiff's "formulaic recitation of a cause of the elements of a cause of action." *Id.* at 555. Instead, the factual allegations must be enough to raise "a right to relief above the speculative level." *Id.* Thus, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Moreover, in order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

*a. Plaintiff's Challenge to the Assignment and Substitution*

In Counts One through Four of her complaint, Plaintiff makes various arguments challenging the validity of the Assignment and Substitution. With respect to the Assignment, she claims that it is void as "forged, fraudulent, and *ultra vires*." Pl.'s Am. Compl. ¶ 48. She makes the same claim with respect to the Substitution. *Id.* at ¶ 97. Time and time again, courts applying Virginia law have dismissed such claims on the grounds that debtors lack standing to challenge contracts where they are neither a party to nor an intended beneficiary of the contract.

5

*See, e.g.*, *Wolf v. Federal Nat. Mortg. Ass'n*, 512 F. App'x 336, 342 (4th Cir. 2013) ("Notably, [plaintiff] has not alleged that she is a party to the assignment from MERS to BAC or that she is an intended beneficiary of the assignment. . . . Accordingly, she has no standing to challenge it."); *Bennett v. Bank of America, N.A.*, No. 3:12-cv-34-HEH, 2012 WL 135546, at *7 (E.D. Va. Apr. 18, 2012) (As an initial matter, because Plaintiff was not a party to the document appointing PFC [as substitute trustee], he lacks standing to challenge the validity of the appointment.). Because Plaintiff has not alleged an interest in the contract in the aforementioned manner, Plaintiff lacks standing to challenge the validity of the Assignment and Substitution.

Moreover, even assuming the documents in question are void as forged, she could not show how such a declaration of invalidity would offer her relief. Plaintiff admits that she "refused to pay" with respect to her obligations under the Deed, *see* Pl.'s Compl. ¶ 30,[2] thus authorizing the original lender to foreclose on her property. Defs.' Mem., Ex. 1., at ¶ 21 ("If any installments under the Note or notes secured hereby is not paid when due . . . Lender, at its option . . . may then or thereafter invoke the power of sale."). In the event Defendants forged the documents in order to foreclose on and "steal" Plaintiff's property, the true victim was not Plaintiff but the original lender, which would have lost the opportunity to foreclose on Plaintiff's property. Accordingly, Plaintiff has not shown how a declaration of invalidity would provide her with redress, and she therefore lacks standing to challenge the validity of the Assignment and Substitution. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (noting that, to have standing, "it must be likely, as opposed to merely speculative that the injury will be

---

[2] Plaintiff also admits that she met with attorneys prior to the foreclosure of her home, and those same attorneys told her that "foreclosure was inevitable." Pl.'s Mem. in Opp'n, at 12. Presumably, the attorneys told her as much because she failed to abide by the terms of the Deed of Trust regarding payment.

6

redressed by a favorable decision.") (internal quotations and citation omitted); *Jones v. Fulton Bank, N.A.*, No. 3:13-cv-126, 2013 WL 3788428, at *6-7 (E.D. Va. July 18, 2013) ("[Because of Plaintiff's default,] Plaintiffs have not sufficiently shown . . . redressability, and thus lack standing to challenge [the] appointment."), *aff'd* 565 F. App'x 251 (4th Cir. Apr. 14 2014); *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL No. 09-2119-JAT, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011) ("Even if an assignment were voidable, an action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment. No such injury is alleged. Thus, Plaintiffs . . . do not possess standing . . . .").

   b. *Plaintiff's Fraud Claim*

Under Virginia law, a claim of fraud consists of: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled; and (6) resulting damage to the party misled. *State Farm Mut. Auto Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005). Here, Plaintiff alleges Defendants falsely represented their authority to foreclose on Plaintiff's property through the use of forged, "robo-signed" documents. I previously assumed such an allegation sufficient to allege a misrepresentation of a material fact. Despite that, I dismissed Plaintiff's claim because it failed to indicate a connection between Defendants' fraud and her purported damages: the loss of her home.

Plaintiff's failure to identify such a connection warrants dismissal of her claim. The Virginia Supreme Court has held that "the rule as to what constitutes damages . . . may broadly be stated that there is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." *Cmty. Bank v. Wright*, 267 S.E.2d 158, 175 (Va. 1980) (citation omitted). Here, Plaintiff effectively concedes she would have lost her

7

property absent Defendants' fraud. She admits that she "refused to pay" with respect to her obligations under the Deed of Trust, and as I previously noted, such a refusal would authorize the original lender to foreclose on her property. Defs.' Mem., Ex. 1., at ¶ 21. To conclude the original lender would have refrained from doing so would be speculative at best, and thus it appears Plaintiff would have lost her property despite Defendants' fraud. Plaintiff's allegations are thus insufficient to "state a claim for relief that is plausible on its face," *Twombly*, 550 U.S. at 570, and I will therefore dismiss her claim. *See Stafford v. Radford Cmty. Hosp. Inc.*, 908 F.Supp. 1369, 1375-76 (W.D. Va. 1995) (dismissing a claim of fraud where the plaintiff's damages resulted from a source independent of the defendant's alleged fraud).[3]

c. *Plaintiff's Breach of Contract Claim*

As an alternative argument, Plaintiff alleges breach of contract. In Virginia, the elements of a cause of action for breach of contract are: (1) a legally enforceable obligation of a defendant to a plaintiff; (2) defendant's breach or violation of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009). While it is true that a deed of trust is construed as a contract under Virginia law, *Virginia Hous. Dev. Auth. V. Fox Run Ltd. P'shp.*, 497 S.E.2d 747, 753 (Va. 1998), the obligations it imposes are limited to those expressly stated in the instrument. *See Matthews v. PHH Mortgage Corp.*, 724 S.E.2d 196, 201 (Va. 2012). Here, though Plaintiff knew her

---

[3] Plaintiff relies on *Slorp v. Lerner*, No. 13-3402, 2014 WL 4800100, at *13 (6th Cir. Sept. 29, 2014) for the idea that "the use of a void and forged assignment fabricated and used by the Defendants to foreclose on Plaintiff's property was the direct, demonstrable cause of the loss of Plaintiff's property, and thus such unlawful actions were the direct cause of Plaintiff's damages." Pl.'s Am. Compl. ¶ 72. Plaintiff's reliance on *Slorp* is misplaced, as the decision is distinguishable based on the factual allegations before me. The plaintiff in *Slorp* did not concede that he "refused to pay" with respect to his mortgage obligations. Pl.'s Compl. at ¶¶ 1-57, *Slorp v. Lerner*, No. 2:12-cv-498, 2013 WL 941430 (S.D. Ohio Mar. 8, 2013). Accordingly, the possibility remained that the plaintiff in *Slorp* would have retained his property absent any "fraud." Here, by contrast, Plaintiff's concession shows that she would have lost her property absent Defendant's fraud, and her allegations are therefore insufficient to allege damages under Virginia law. *Cmty. Bank v. Wright*, 267 S.E.2d 158, 175 (Va. 1980) (citation omitted).

8

lender intended to foreclose, Pl.'s Mem. in Opp'n, at 12, Defendants allegedly failed to follow various notice procedures as required by the Deed of Trust. In her complaint, she states

> Federal and Virginia law, and indeed, the Deed of Trust mandate foreclosures be performed according to strict procedures and timeliness in accordance with state law and federal regulations. Defendants failed to follow those mandated procedures, especially the notice procedures set forth in Virginia statutes and HUD regulations.

Pl.'s Am. Compl. ¶ 140. Despite her claim, she does not identify any term in the Deed of Trust which Defendants failed to follow. Plaintiff's allegation that Defendants breached the Deed of Trust is therefore a legal conclusion that is insufficient to survive a motion to dismiss. *Fedewa v. J.P. Morgan Chase Bank*, 921 F. Supp. 2d 504, 513 (E.D. Va. 2013) (dismissing a similar breach of contract claim where the plaintiff failed to "cite[] any specific violation of the terms of the Note or Deed of Trust that they believe [the defendant] to have committed.").

Moreover, even if Plaintiff's assertion were sufficient to allege a breach, her claim still fails because she has not plausibly alleged a connection between her purported damages and Defendants' failure to provide proper notice. Plaintiff states that Defendants' failure to provide notice of the "impending sale . . . prevented [her] from taking any action possible to prevent the scheduled foreclosure." Pl.'s Am. Compl. ¶ 149. In *Vazzana v. Citimortgage, Inc.*, No. 7-12-cv-00497, 2013 WL 2423092, at *2 (W.D. Va. 2013), the Western District of Virginia recognized a connection between deficient notice and the loss of one's home following default. There, however, the plaintiff alleged that the lender breached the notice provisions of her deed by overstating the amount due on her mortgage. *Id.* Had the lender stated the appropriate amount in arrears, she claimed that she could have raised that amount through "a combination of her then available funds and borrowing funds from family." *Id.* The plaintiff therefore provided sufficient factual detail to show a causal connection between the loss of her home and the

9

lender's failure to provide proper notice.  Here, no such factual details have been provided, and because " 'naked assertion[s]' devoid of 'further factual enhancement' " are insufficient to withstand a motion to dismiss, I will dismiss Plaintiff's breach of contract claim.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *accord Jones v. Fulton Bank, N.A.*, No. 3:13-cv-126, 2012 WL 3788428, at *5 (E.D. Va. July 18, 2013) (dismissing a similar claim because plaintiff failed to show how proper notice would have allowed him to cure default).

    *d. Plaintiff's FDCPA Claim*

Finally, Plaintiff alleges that Defendants violated the FDCPA by falsely representing their authority to foreclose.  Plaintiff must show the following to establish a violation of the FDCPA: (1) the target of collection activity must be a "consumer," as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector," as defined in § 1692a(6); and (3) the defendants must have engaged in an act or omission in violation of the FDCPA.  *Withers v. Eveland*, 988 F.Supp. 942, 945 (E.D. Va. 1997).  Thus, Plaintiff must first allege facts indicating that Defendants were "debt collectors" at the time they violated the FDCPA.  Because Plaintiff's original complaint failed to do so, I granted Plaintiff leave to amend her complaint in order to explain why Defendants should be treated as "debt collectors."

> The FDCPA defines a "debt collector" as:
>
> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).  Notably, the statute exempts from this definition:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement [or] concerns a debt which was not in default at the time it was obtained by such person.

10

15 U.S.C. § 1692a(6)(F)(i)-(iii). Based on the plain language of the statute, "multiple district courts in this Circuit have held that 'debt collectors do not include creditors, mortgagors, mortgage servicing companies, trustees exercising their fiduciary duties, or assignees of debt so long as the debt was not in default at the time it was assigned." *Patrick v. PHH Mortg. Corp.*, 937 F. Supp. 2d 773, 789 (N.D. W. Va. 2013) (quoting *Velez v. Bank of N.Y. Mellon Trust Co., N.A.*, No. 1:12-cv-1008, 2012 WL 5305508, at *4 (E.D. Va. Oct. 23, 2012)). Accepting Plaintiff's facts as true, it appears as though Plaintiff's debt was in default at the time it was assigned. Here, Defendant AHSMI placed Plaintiff's property in foreclosure "[o]n or about July 28-30, 2009." Pl.'s Compl. ¶ 30. Defendant AHMSI then assigned the Deed of Trust to Defendant Deutsche Bank on August 4, 2009. *Id.* at ¶ 43. It thus appears her debt was in default prior to the time it was assigned. Accordingly, based on Plaintiff's allegations, Defendants are not exempt from the reach of the statute under 15 U.S.C. 1692a(6)(F)(iii).

Though Deutsche Bank is not exempt from the statute, Plaintiff must still allege facts showing why it should be treated as a "debt collector" under 15 U.S.C. § 1692(a). Here, Plaintiff has alleged no such facts which would allow me to conclude that Deutsche Bank should be treated as such. Even after liberally construing her complaint, as I must, I am unable to identify any facts in her complaint which suggest Deutsche Bank "regularly collects or attempts to collect debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Accordingly, because Plaintiff has not alleged sufficient facts to show that Deutsche Bank should be treated as a "debt collector," her FDCPA claim will also be dismissed.

11

## IV. CONCLUSION

For the foregoing reasons, I find that Plaintiff: (1) lacks standing to challenge the Assignment and Substitution; and (2) has failed to sufficiently plead her breach of contract, fraud, and FDCPA claims. Accordingly, I will GRANT Defendants' Motion to Dismiss.

An appropriate order follows.

Entered this __16th__ day of January, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE