IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| JANIS O'CONNOR,<br><br>                        *Plaintiff,*<br><br>      v.<br><br>SAND CANYON CORPORATION, ET AL.,<br><br>                        *Defendants.* | CASE NO. 6:14-cv-00024<br><br>**MEMORANDUM OPINION**<br><br>JUDGE NORMAN K. MOON |

This matter is before me on *pro se* Plaintiff Janis O'Connor's ("Plaintiff") Motion for Extension of Time to File Notice of Appeal (docket no. 44). Defendants have not opposed Plaintiff's motion, and for the reasons stated herein, I will grant it.

### I. BACKGROUND

Plaintiff initiated this action in Appomattox County Circuit Court on March 29, 2013, seeking to have the foreclosure sale of her home set aside or declared void. On July 7, 2014, Defendants removed the case to this Court on the basis of federal question jurisdiction. One week later, Defendants moved to dismiss for failure to state a claim, and after several hearings on Defendants' motion, I dismissed this action with prejudice on January 16, 2015.

On the same day, the Deputy Clerk attempted to mail copies of my order and memorandum opinion to Plaintiff. The mail, however, was returned as undeliverable, and on February 12, 2015, the Deputy Clerk obtained Plaintiff's e-mail address and sent the documents electronically. After receiving my decision on February 12, 2015, Plaintiff alleges that she immediately mailed her notice from Waterford, Virginia, to this Court "by first class, certified

mail, [with] restricted delivery to the clerk." Pl.'s M. for Extension of Time 2. Six days later, Plaintiff's notice of appeal arrived in this Court and was promptly docketed.

## II. DISCUSSION

Notice of appeal in a civil suit must be filed within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1). If a party moves for an extension of time, the time to file a notice of appeal may be extended by up to thirty days upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5)(A)(ii). Here, Plaintiff filed her notice of appeal one day outside of the initial thirty-day window. Accordingly, Plaintiff must demonstrate either good cause or excusable neglect in order to be granted an extension to timely file her notice of appeal.

### A. Excusable Neglect or Good Cause

The advisory committee to the 2002 amendments of the Federal Rules of Appellate Procedure differentiated between "excusable neglect" and "good cause" as follows:

> [t]he excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault . . . In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments. Here, the "good cause" standard applies, as it does not appear Plaintiff was at fault in failing to file her notice of appeal within the initial thirty-day window.[1] Accordingly, I must next determine whether "good cause" excuses Plaintiff's failure to file her notice of appeal in a timely manner.

---

[1] Four weeks after my decision, Plaintiff received copies of my order and opinion, and immediately after receiving those documents, she mailed her notice of appeal "by first class, certified mail, [with] restricted delivery to the clerk." Pl.'s M. for Extension of Time 2. Plaintiff would have opted for overnight delivery, but at the time of mailing, she was "out of work and lacked the requisite funds ($25)" to afford such an option. *Id.* at 3. Under such circumstances, it does not appear Plaintiff was at fault in failing to file her notice of appeal within thirty days of judgment, and I will therefore apply the "good cause" standard. *See also* Fed. R. App. P. 4(a)(5)(A)(ii), Advisory Committee Notes to the 2002 Amendments (noting that the good cause standard applies where "the Postal Service fails to deliver a notice of appeal").

In determining whether Plaintiff has shown good cause, district courts are to consider whether "something beyond the [movant's] control" prevented her from filing within the initial thirty-day window. *Dalenko v. News and Observer Pub. Co.*, 447 F. App'x 490, 491 (4th Cir. 2011) (citing *United States v. Torres*, 372 F.3d 1159, 1161 n.1 (10th Cir. 2004)). Notably, courts have found "good cause" where the movant attempted to deliver a notice of appeal at such a time and in such a manner that, under normal circumstances, the district court would have received it in a timely fashion. *Scarpa v. Murphy*, 782 F.2d 300, 301 (1st Cir. 1986) (noting that a district court should have found good cause where "the Post Office [took] more than five days . . . to transmit an adequately addressed letter three miles," and counsel had no reason "to think that more [time] might be needed."); *Right v. Deyton*, 757 F.2d 1253, 1255-56 (11th Cir. 1985) ("[T]he district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline."). Here, Plaintiff sent her notice of appeal by first-class mail on February 12, 2015. Traveling in state, it then arrived one day late on February 18, 2015. Under such circumstances, it appears Plaintiff was making every effort to file her notice of appeal in a timely manner, but she was prevented from doing so due to a delay in the mail. Accordingly, I find that "good cause" excuses Plaintiff's failure to file her notice of appeal within thirty days of judgment.

### III. CONCLUSION

For the foregoing reasons, I find that good cause justifies Plaintiff's failure to file within thirty days of judgment, and I will therefore grant Plaintiff's Motion for Extension of Time.

An appropriate Order follows.

Entered this __28th__ day of April, 2015.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE